IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IHKARIO MAMON, ) | |
| ) | Civil No.: 2011-38 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| CLARENCE WILSHIRE and RANGER, ) | |
| AMERICAN OF THE V.I., INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Ranger American of the V.I., Inc. has moved to set aside the default entered against it by the Clerk of the Court on June 3, 2011. Because under Federal Rule of Civil Procedure 55 a Court may in its discretion set aside a default, the motion will be granted.

This matter was filed on March 21, 2011, and the complaint was served on Ranger through its resident agent and counsel on March 23, 2011. Counsel states he then misplaced the complaint. On June 1, 2011, plaintiff requested that default be entered against Ranger. After default was entered on June 3, on July 21, 2011 defendant moved to set the default aside. The individual defendant has not yet been served.

A court may set aside a default under Federal Rule of Civil Procedure 55 (c) "for good cause."

> In exercising its discretion to set aside a default, a district court must consider (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense, that is, whether the defendant's allegations, if established at trial, would constitute a complete defense to the action; and (3) whether the default was the result of the defendant's culpable conduct.[1]

---

[1] *Dambach v. United States*, 211 Fed. Appx. 105, 109 (3d Cir. 2006) (citing *United States v. $ 55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984)). See also *Miles v. Aramark Corr. Serv.*, 236 Fed. Appx. 746 (3d Cir. 2007).

Here, as in *Dambach*, the default was entered early in the case, and defendant moved shortly thereafter to vacate the entry of default. Thus, no prejudice accrued to plaintiff in this short span of time. Further, defendant asserts it has a meritorious defense,[2] and described the theory on which it intends to proceed. Finally, the failure to timely answer was not the result of any discernable bad faith or other culpable conduct on defendant's part, but appears to have been an oversight of counsel.

The [Third Circuit Court of Appeals] "does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'"[3] The circumstances presented here do not rise to the type of "extreme" conditions that would warrant refusal to set aside the default. Rather, the parties should be left to resolve their disputes on the merits.

Accordingly, it is hereby

Ordered that the motion to set aside the default is GRANTED.

**Dated:** August 16, 2011

S\ _____
**RUTH MILLER**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] This defendant filed an Answer to the complaint concurrently with its motion to set aside the default on July 21, 2011.

[3] *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984) (citing *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983); *Feliciano v. Reliant Tooling Company, Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)). See also *United States v. Mulvenna*, 367 Fed. Appx. 348, 350 (3d Cir. 2010); *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, National Hockey League, 427 U.S. at 643, and are to be reserved for comparable cases.").