```
             DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN

IKHARIO MAMON,                      )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    Civil No. 2011-38
                                    )
CLARENCE WILTSHIRE and RANGER       )
AMERICAN OF THE V.I. INC.,          )
                                    )
          Defendants.               )
                                    )
```

ATTORNEYS:

**K. Glenda Cameron, Esq.**
Law Office of K. G. Cameron
St. Croix, VI
**George M. Miller, Esq.**
George Marshall Miller, Esq. & Associates
St. Thomas, VI
    *For the plaintiff,*

**Clarence Wiltshire**
Yonkers, NY
    *Pro se defendant,*

**Wilfredo A. Geigel, Esq.**
**Eugenio S. Geigel**
Law Offices of Wilfredo Geigel
St. Croix, VI
    *For the defendant Ranger American of the V.I. Inc.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of pro se defendant Clarence Wiltshire to dismiss the Complaint for want of proper service. The plaintiff, Ihkario Mamon, filed a timely opposition.

I.  **FACTUAL AND PROCEDURAL HISTORY**

The plaintiff, Ihkario Mamon ("Mamon"), initiated this action on March 21, 2011. On that same day, Mamon attempted to effect service on the pro se defendant, Clarence Wiltshire ("Wiltshire"). Mamon retained the services of a process server, who repeatedly attempted to effect service on Wiltshire at several addresses in both St. John and St. Thomas.

Having failed to effect personal service, Mamon requested, and the Magistrate Judge granted, permission to serve Wiltshire by publication. Thereafter, on August 17, 2011, Mamon published a copy of the summons in a local newspaper, the Virgin Islands Daily News. He also mailed a copy of the summons and the complaint to Wiltshire's last known address in St. John, "Kingshill Road, Estate Carolina" (the "St. John Address").

On or about September 7, 2011, counsel for Mamon received a letter from Wiltshire. The letter bore the return address "85 Highland Avenue, Yonkers, NY 10705" (the "Yonkers Address"). This letter indicated that Wiltshire had seen the publication of the summons in the Virgin Islands Daily News. Mamon then sent a copy of the summons and the complaint to Wiltshire at the Yonkers Address. The United States Post Office receipt shows that the copy of the complaint and the summons arrived, and were

signed for[1], at the Yonkers Address at 8:24 a.m. on September 12, 2011. (Pl.'s Ex. D.)

On October 5, 2011, Wiltshire answered the Complaint and moved to dismiss on three grounds. First, he asserts that his name was misspelled as "Wilshire" in the caption of the Complaint and the summons. Second, he argues that he never resided at the St. John Address. Lastly, he claims that he "was not served with a proper complaint or summons . . . ." (Def. Wiltshire's Answer & Mot. to Dismiss 2.) Mamon opposes the motion, and also requests that the caption be amended to reflect Wiltshire's true, legal name.

## DISCUSSION

### 1. Errors in Caption

Federal Rule of Civil Procedure 15(a) provides, in relevant part, that a party may amend a pleading only with the consent of the other party "or by leave of the court." Fed. R. Civ. P. 15(a)(3). Such leave is to be "freely give[n] when justice so requires." *Id.* "Amendments to make technical changes concerning a party" are generally permissible. *Jones v. Louisiana ex rel. Board of Trustees for State Colleges & Univs.*, 764 F.2d 1183, 1186 (5th Cir. 1985). "The practice of permitting such amendments 'is desirable and furthers one of the basic

---

[1] The signature of the recipient is illegible.

objectives of the federal rules[--]the determination of cases on their merits.' " *United States v. Edwards*, 241 F.R.D. 146, 148 (E.D.N.Y. 2007) (quoting CHARLES A. WRIGHT, ARTHUR MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1474 (1990)).

Some courts in this Circuit have addressed this issue under the rubric of a "misnomer rule." "The 'misnomer rule' operates in cases where a plaintiff has actually sued and served the correct party but has mistakenly used the wrong name of the defendant in the original caption." *Flynn v. Best Buy Auto Sales*, 281 F.R.D. 94, 97 (E.D. Pa. 2003). "The basic test under the misnomer rule is 'whether it would be reasonable to conclude that plaintiff had in mind the proper entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether the plaintiff actually meant to serve and sue a different person.' " *Id.* (quoting *Munetz v. Eaton Yale & Towne, Inc.*, 57 F.R.D. 476, 479 (E.D. Pa. 1973)).

2. **Service by Publication**

A motion under Federal Rule of Civil Procedure 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process. *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986), *rev'd on other grounds*, 487 U.S. 412 (1988); *Dimensional Commc'ns, Inc. v. OZ Optics Ltd.*, 218 F. Supp. 2d 653, 655 (D.N.J. 2002). The plaintiff bears the burden of establishing that service of process has been accomplished in

a manner that complies with Federal Rule of Civil Procedure 4. *Montgomery, Zukerman, Davis, Inc. v. Diepenbrock*, 698 F. Supp. 1453, 1459 (S.D. Ind. 1988); *see also Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

Federal Rule of Civil Procedure 4(e) allows service of process upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." Fed. R. Civ. P. 4(e). In the Virgin Islands, service may be made by publication "[w]hen service of the summons cannot be made as prescribed in Rule 4 of the Federal Rules of Civil Procedure, and the defendant after due diligence cannot be found within the Virgin Islands, and when that fact appears by affidavit to the satisfaction of the district court . . . ." V.I. CODE ANN. tit. 5, § 112(a).

The publication must "contain the name of the court and the title of the case, a succinct statement of the relief demanded, the date of the order for service by publication, and the time within which the defendant is required to answer the complaint." *Id.* at § 112(b). Further, the publication must "be made in a newspaper of general circulation in a jurisdiction designated by the court as the most likely to give notice to the person to be served for such length of time as may be deemed reasonable, not

less than once a week for four weeks." *Id.* at § 112(c). A copy of the summons and complaint must also be "deposited in the post office, directed to the defendant, by any form of mail requiring a signed receipt therefor." *Id.*

### III. ANALYSIS

#### 1. Error in Caption

Wiltshire first contends that the Complaint should be dismissed because his surname was misspelled "Wilshire" in the caption of the Complaint and related Summonses.

Wiltshire received notice of this action by publication, and again by certified mail. He does not contest that he is the appropriate party. Although it is the plaintiff--Mamon--that is requesting the caption be changed, the issue was first raised by Wiltshire. Moreover, the error was minor. This is not a case where the party's legal name is significantly different than the name which appeared in the original caption. Significantly, Mamon identified and served the correct party. Accordingly, the plaintiff's request to amend the caption will be granted.

#### 2. Service by Publication

Wiltshire contends that service was defective in this case for two reasons. First, he maintains that he "was not served with a proper complaint or summons, attached as Exhibit A." (Def.'s Answer & Mot. to Dismiss at 2. Second, he avers that "The address listed in the service by publication is not a past

or present address of Clarence Wiltshire." (Def.'s Answer & Mot. to Dismiss at 1.) Neither argument is available for several reasons.

First, Mamon attempted to serve Wiltshire personally for several weeks. Mamon even went so far as to speak with members of Wiltshire's family in an effort to determine his location. (*See* Aff. of Rennix Charles ¶¶ 3-5 (detailing efforts of process server to locate Wiltshire).) Mamon has submitted the affidavit of Amy Laplace, the billing agent of the Virgin Islands Daily News, who avers that four notices were published once a week from August 26, 2011, to September 16, 2011. (Aff. of Amy Laplace ¶¶ 1-2.) Mamon has also submitted copies of each of these published summons. Mamon has also submitted copies of each of the published summons. They contain the name of the parties; are directed to the defendant; state the name and address of the plaintiff's attorney; the time within which the defendant must appear and defend; notify the defendant of the consequence of failing to appear; and are signed by the Clerk of the Court, and bear the Court's seal, as required by Federal Rule of Civil Procedure 4(a) ("Rule 4(a)").

Moreover, Mamon's counsel also sent by certified mail a copy of the Complaint and Summons to Wiltshire's address in New York. Although Wiltshire maintains that he did not receive them, his Exhibit A is an exact copy of the Complaint filed in this

case and a summons that contains all the information required by Rule 4(a).

Neither party has submitted any evidence on the question of what Wiltshire's address was when he resided in the Virgin Islands.[2] However, even assuming the address listed in the Summons was never correct, it is immaterial as Wiltshire was ultimately served with the summons and the complaint, both via mail and publication. Although Wiltshire claims he was not served, his is claim is not supported by any competent evidence, such as an affidavit. *Compare Blair v. City of Worcester*, 522 F.2d 105, 112 (1st Cir. 2008) (holding that defendant's affidavits were sufficient to rebut the *prima facie* presumption created by a return of service); *Ellibee v. Leonard*, 226 F. App'x 351, 356 (5th Cir. 2007) (holding the defendant's averments sufficient to rebut the information of a return of service). Although there is no return of service presented here, there is evidence that Wiltshire received by certified mail a copy of the Complaint and Summons. (Aff. of George Marshal Miller ¶¶ 3-4.) Moreover, Wiltshire has timely responded to the Complaint with his Answer and Motion to Dismiss, and thus has not been prejudiced by any alleged defects in service.

---

[2] Wiltshire does not contest that he did previously reside in the Virgin islands, and the Affidavit of Rennix Charles avers that until recently, he was employed at the Windward Passage Hotel in St. Thomas.

The Court is therefore satisfied that Wiltshire was properly served with process in accordance with Virgin Islands law. Wiltshire's Motion to Dismiss will be denied. An appropriate order follows.

                                       S\_____
                                          **Curtis V. Gómez**
                                            **Chief Judge**